# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT SERFLING,

    Defendant.

Case No. 2:12-CR-00138-KJD-VCF

**ORDER**

Presently before the Court is Defendant's Motion for Early Termination of Supervised Release (#6). The Government filed a response in opposition (#7).

A court may "modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation." 18 U.S.C. § 3563(c). Section 3564(c) expressly allows for the early termination of probation. It provides:

> (c) Early termination. The court, after considering the factors set forth in section 3553(a) [18 USC § 3553(a) ] to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

The Court has considered the following factors under 18 U.S.C. §§ 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. <u>See</u> 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

One month after Defendant filed his motion, the Court was notified that Defendant had violated the terms of his supervised release and had deliberately falsified his monthly report. The violations, opening new credit accounts and failing to report new sources of income, are noteworthy considering his history of fraud. Further, Defendant admitted the violations and waived his right to a hearing and assistance of counsel. Therefore, the Court finds that the first four factors counsel against termination of supervision. Thus, the motion is denied.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release (#6) is **DENIED**.

DATED this 11th day of October 2013.

_____
Kent J. Dawson
United States District Judge